**IT IS ORDERED as set forth below:**

**Date: December 3, 2020**



_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: <br><br> Moses Samuel William, Sr. and Victoria Zor William, <br><br> Debtors. | CASE NO. 15-55766-BEM <br><br><br> CHAPTER 7 |
| Neil C. Gordon, Chapter 7 Trustee, for the Estates of Moses Samuel William and Victoria Zor William, <br><br> Plaintiff, <br><br> v. <br><br> U.S. Bank, National Association, Victoria Zor William, and Maybelline Sinue, <br><br> Defendants. | <br><br><br><br><br><br> ADVERSARY PROCEEDING NO. 19-5265-BEM |

**<u>ORDER GRANTING DEFENDANT U.S. BANK NATIONAL
ASSOCIATION'S MOTION TO DISMISS</u>**

**I.       BACKGROUND**

On March 31, 2015, Debtors Moses Samuel William, Sr. and Victoria Zor William ("Debtors") filed chapter 7 bankruptcy case number 15-55766 (the "Case"). Debtors were discharged on December 22, 2015. Plaintiff Neil Gordon ("Plaintiff" or "Trustee") initiated the above-captioned adversary proceeding on July 31, 2019 by filing the Complaint [Doc. 1] against Defendants U.S. Bank, National Association ("US Bank"), Maybelline Sinue ("Ms. Sinue") and Victoria Zor William ("Ms. William" and with US Bank and Ms. Sinue, "Defendants").

The deadline for Defendants' responses to the Complaint was extended by consent to May 4, 2020. [Doc. 30]. On that day, US Bank responded to the Complaint by filing *Defendant U.S. Bank National Association's Motion To Dismiss For Failure To State A Claim Pursuant To Rule 12(b)(6)* (the "Motion") [Doc. 33] and supporting brief. [Doc. 33-1]. This matter has been fully briefed and the Court heard oral argument on October 8, 2020. [Docs. 40, 42]. For the reasons set forth below, the Motion to Dismiss will be GRANTED.

**II.      LEGAL STANDARD**

Fed. R. Civ. P. 8(a)(2), made applicable in adversary proceedings by Fed. R. Bankr. P. 7008, sets forth a liberal pleading standard that requires the complaint contain only a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), made applicable in adversary proceedings by Fed. R. Bank. P. 7012, the Court "must take the factual allegations of the complaint as true and make all reasonable inferences from those facts to determine whether the complaint states a claim that is plausible on its face." *Cline v. Tolliver*, 434 F. App'x 823, 825 (11th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

2

the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citations omitted).

### III. FACTS ALLEGED

Because the Court must accept all well-pleaded facts as true in considering the Motion, the facts from the Complaint are reproduced below, omitting legal conclusions and general statements of the law.

On March 31, 2015 (the "Petition Date"), Debtors filed under penalty of perjury a voluntary petition (the "Petition") constituting an order for relief pursuant to 11 U.S.C. § 301, thereby initiating the Case as a Chapter 7 proceeding. [Doc. 1 at 2 ¶ 8]. On the Petition Date, Debtors filed their Statements "A" through "J" ("Schedules"), Statement of Financial Affairs ("SOFA") and other bankruptcy documents under penalty of perjury. [*Id.* at ¶ 9.] On the Petition Date, Plaintiff was appointed to the Case as the interim Chapter 7 trustee pursuant to 11 U.S.C. § 701. [*Id.* at ¶ 10.] On May 6, 2015, the Meeting of Creditors was held pursuant to 11 U.S.C. § 341(a) (the "341 Meeting"), at which time Plaintiff became the permanent Chapter 7 trustee pursuant to 11 U.S.C. § 702(d). [Doc. 1 at 3 ¶ 11].

In the Schedules, Ms. William scheduled her undivided one-half ownership interest in real property located at 5501 The Vyne Avenue, Atlanta, Georgia 30349 (the "Property"), encumbered by one "mortgage" with a loan payoff in the amount of $144,804.00 (the "Mortgage"). [*Id.* at ¶ 12.] On April 14, 2009, Ms. William alone purchased the Property for $185,000.00, pursuant to the Special Warranty Deed (the "Warranty Deed") recorded on the Property with the Clerk of Superior Court of Fulton County, Georgia on June 30, 2009. [Doc. 1 at 3 ¶ 13].

Five years later, on June 19, 2014 (the "Closing Date"), Ms. William executed certain loan closing documents in favor of Community Mortgage Services, Inc. (the "Closing

3

Documents"). [*Id.* at ¶ 14.] As part of the Closing Documents executed on the Closing Date, Ms. William signed a Note, referencing Loan No. 68002524211 (the "Note") and Security Deed (the "Initial Security Deed") in the original principal amount of $162,800.00. It appears that the scheduled Mortgage is the Initial Security Deed. [*Id.* at ¶ 15.]

Ms. William executed a Quitclaim Deed ("QC Deed") dated May 5, 2014 and recorded in the real estate records (the "Real Estate Records") of the Superior Court of Fulton County, Georgia on May 6, 2014, transferring title to the Property jointly to herself and Ms. Sinue. [*Id.* at ¶ 16.] A true and correct copy of the QC Deed was attached to the Complaint and incorporated by reference. [*Id.* at ¶ 17.]

On or about May 8, 2015, Trustee filed a notice (the "Notice") of Debtors' Case and the Petition in the Real Estate Records beginning at page 562 of deed book 54941 of the Real Estate Records. [Doc. 1 at 4 ¶ 18].

On or about September 30, 2016, after the Petition Date, Ms. William signed a Security Deed (the "First Security Deed") granting an interest in the Property to US Bank (the "First Transfer"). [*Id.* at ¶ 19.] Ms. Sinue also signed the First Security Deed. [*Id.* at ¶ 20.] The First Security Deed was filed and recorded in the Real Estate Records on January 26, 2017. [Doc. 1 at 4 ¶ 21]. The First Security Deed purports to secure the repayment of a debt in the original principal amount of $144,400.00. [*Id.* at ¶ 22.]

On or about September 30, 2016, after the Petition Date, Ms. William signed a second Security Deed (the "Second Security Deed") granting an interest in the Property to US Bank (the "Second Transfer"). [*Id.* at ¶ 23.] Ms. Sinue also signed the Second Security Deed. [*Id.* at ¶ 24.] The Second Security Deed was filed and recorded in the Real Estate Records on January 26, 2017. [*Id.* at ¶ 25.] The Second Security Deed purports to secure the repayment of a debt in the

original principal amount of $50,000.00. [*Id.* at ¶ 26.] Upon information and belief, the First Transfer has a value to the Estate of $72,200.00, and the Second Transfer has a value to the Bankruptcy Estate of $25,000.00.[1] [Doc. 1 at 5 ¶ 28].

On September 19, 2017, Plaintiff filed a Complaint (the "Prior Complaint") against US Bank, initiating adversary proceeding No. 17-05243 (the "First AP"), seeking to (i) avoid the First Transfer and the Second Transfer (collectively, the "Transfers") as unauthorized post-petition transfers under 11 U.S.C. § 549; (ii) recover the avoided Transfers under 11 U.S.C. § 550; and (iii) and preserve the avoided Transfers under 11 U.S.C. § 551. [*Id.* at ¶ 29.]

US Bank failed to timely file an answer or otherwise respond to the Prior Complaint. [*Id.* at ¶ 30.] On Plaintiff's request, on February 5, 2018, the Clerk's Entry of Default was entered pursuant to Bankruptcy Rule 7055. [*Id.* at ¶¶ 30-31.] On February 8, 2018, Plaintiff filed a Motion for Default Judgment, which was granted by Order of the Court on March 22, 2018 and a judgment was entered in accordance therewith (together, the "Order and Judgment"). [Doc. 1 at 5 ¶¶ 32-33]. True and correct copies of the Order and Judgment are attached to the Complaint and incorporated by reference. [*Id.* at ¶ 34.] Pursuant to the Order and Judgment, "(i) the Transfers were avoided under 11 U.S.C. § 549; (ii) **Plaintiff is entitled to recover the avoided Transfers or the equivalent value thereof under 11 U.S.C. § 550(a)**; and (iii) the avoided Transfers are preserved for the benefit of the Estate under 11 U.S.C. § 551." (emphasis added). [Doc. 1 at 5-6 ¶ 35].

---

[1] "[F]or purposes of a Rule 12(b)(6) motion to dismiss, we do not have to take as true allegations based merely 'upon information and belief.'" *Smith v. City of Sumiton*, 578 F. App'x 933, 936 n.4 (11th Cir. 2014) (quoting *Mann v. Palmer,* 713 F.3d 1306, 1315 (11th Cir.2013) (citing *Twombly,* 550 U.S. at 551, 557, 127 S.Ct. at 1962–63, 1966))). However, the Court may take such allegations as true if well supported, and in any event, the amount of the value of the Transfers to the Bankruptcy Estate is not essential to a determination on the Motion to Dismiss. The Court hereby declines to opine on their value, other than to accept as true the well-pleaded fact that the Transfers have some value to the Bankruptcy Estate.

5

Ms. Sinue and Ms. William jointly own the Property, all improvements thereon, and fixtures attached thereto. [*Id.* at 6 ¶ 40]. Partition in kind of the Property is, in Trustee's opinion, not practicable. [*Id.* at ¶ 41.] The Bankruptcy Estate would derive very little benefit attempting to sell an undivided one-half interest in the Property to anyone other than Ms. William or Ms. Sinue. [*Id.* at ¶ 42.] Most of, if not all, of the Property's benefit to the Bankruptcy Estate would be eliminated if Plaintiff were unable to sell Ms. Sinue's interest in the Property. [Doc. 1 at 7 ¶ 43]. By selling the Property itself, there is a significant benefit—that of an increased value that far outweighs any detriment to Ms. Sinue, because she would receive one-half of any net sale proceeds. [*Id.* at ¶ 44.] The Property is not used in the production, transmission, or distribution for sale of electric energy or of natural synthetic gas for heat, light, or power. [*Id.* at ¶ 46.]

Plaintiff seeks an order and judgment against US Bank for turnover of the value of the avoided Transfers in the amount of $97,200.00 under 11 U.S.C. § 542, or alternatively, a judgment authorizing the sale of Ms Sinue's interest in the Property and reimbursement for all costs incurred in this action, including interest and attorneys' fees under 11 U.S.C. § 363(h), and immediate turnover of the Property by Ms. Sinue and Ms. William or, alternatively, an order and judgment of turnover effective immediately, so Plaintiff may proceed with the marketing, showing, and selling of the Property.

**IV.     ANALYSIS**

At issue in this proceeding is whether the Complaint states a claim that the Order and Judgment entitles Plaintiff to recover the value of the First and Second Security Deeds from US Bank under § 542, which provides for turnover of "property that the trustee may use, sell, or lease under section 363" of the Bankruptcy Code. 11 U.S.C. § 542(a). Plaintiff argues that the Order and Judgment permits him to seek turnover of the value of the Transfers because it states

6

that he "is entitled to recover the avoided Transfers *or* the equivalent value thereof under 11 U.S.C. § 550(a)" which he argues provides for avoidance and preservation of the liens or recovery of their monetary value. Plaintiff argues further that the turnover claim is distinct from his §§ 550 and 551 claims such that res judicata does not apply because the legal theory advanced is different and further because a "statutory scheme" exception to res judicata should apply in this proceeding.

In response, US Bank argues that turnover of the value of the Transfers constitutes a double recovery because Plaintiff has already avoided US Bank's liens. US Bank also argues that the issue was preclusively decided in the First AP and that Plaintiff should have brought his turnover claim at that time. Finally, US Bank argues that there is no "statutory scheme" exception, and if there were, it would not apply in this case.

**1. Request For Turnover under § 542.**

Section 542 empowers the court to compel an entity to deliver to the bankruptcy trustee any "property that the trustee may use, sell or lease under Section 363 of this title . . . ." 11 U.S.C. § 542(a), "[b]y referring to section 363 . . . the drafters of section 542(a) made it clear that the turnover obligation applies to property of the estate." *Scarver v. Ellis (In re McKeever)*, 567 B.R. 652, 663 (Bankr. N.D. Ga. 2017) (citing *In re Pyatt*, 486 F.3d 423, 427 (8th Cir. 2007)). Section 363, in turn, provides that the bankruptcy trustee may use, sell, or lease only "property of the estate." 11 U.S.C. § 363(b)(1).

Pursuant to 11 U.S.C. §§ 541(a)(3) and (a)(4), "property of the estate" includes "[a]ny interest in property that the trustee recovers under" among other sections, 550 and 551 "of this title." 11 U.S.C. §§ 541(a)(3), (a)(4). "Consequently, it stands to reason that Section 542 is available as a remedy only when the bankruptcy estate already has an interest in the property sought to be turned over." *Richardson v. Huntington Nat'l Bank (In re CyberCo Holdings, Inc.)*,

7

382 B.R. 118, 143-44 (Bankr. W.D. Mich. 2008). The Order and Judgment provides that the Transfers are avoided under § 549 and preserved under § 551 for the benefit of the estate. Thus, the interest preserved in the First AP is property of the estate and may be subject to turnover.

At oral argument, Trustee's counsel argued that because the security instruments that created the liens were Deeds to Secure Debt that transferred legal title to US Bank, the Order and Judgment merely avoided the transfer of legal title and did not avoid and return US Bank's liens to the estate. The Court rejects this argument because it is incompatible with the Trustee's allegations in the First AP and, importantly, is inconsistent with the loan documents that memorialized the Transfers. In the First AP, Trustee refers to the Transfers as "interest[s] in [p]roperty [that] purport[] to secure the repayment of a debt." [17-5243, Doc. 1 at 5]. In addition, the First Security Deed states that it "secures to Lender . . . repayment of the Loan . . . with power of sale" of the Property. [Doc. 1 at 40]. It also says: "This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby." [Doc. 1 at 53]. The Second Security Deed "sells to Lender, with power of sale," the Property and also states that it is "a deed passing legal title pursuant to the laws of the State of Georgia governing conveyances of property to secure debt and is not a mortgage." Read together, these provisions of the Deeds to Secure Debt establish that title and the power of sale, which is the mechanism to enforce the lien conveyed, were all part of the Transfers that were avoided in the First AP.

The Order and Judgment avoided the Transfers, that is, the transfer of the legal title and the liens contained in the Deeds to Secure Debt under § 549, and preserved them under § 551 for the benefit of the estate. In the Complaint, Trustee seeks to recover the value of the liens under § 550 based upon the statement in the Order and Judgement that "the trustee may recover, for the

8

benefit of the estate, the property transferred, *or* if the court so orders, the value of such property." *See* 11 U.S.C. § 550(a) (emphasis added). As the Tenth Circuit BAP succinctly put it, "when the Trustee avoided the [lenders'] liens, they were automatically preserved for the benefit of the estate under § 551. This preservation had the same effect as recovering those liens under § 550(a): the estates received the liens. The Trustee was not entitled to any more than the [lenders] had by virtue of the transfers." *In re Bremer*, 408 B.R. 355, 360 (10th Cir. B.A.P. 2009), *aff'd sub nom In re Trout*, 609 F.3d 1106 (10th Cir. 2010).

Situations do occur where § 551's operation is not sufficient to fully reimburse the estate and where the court will order the value of the transferred property be paid to the estate. *See In re Patterson*, No. 07-61961-MHM, 2012 WL 1292642 (Bankr. N.D. Ga. Apr. 2, 2012) (Murphy, J.) (stating that "usually, simple avoidance of the lien under § 551 is a sufficient remedy" but that significant deterioration of the property and poor market conditions changed the analysis); *Kelley v. GMAC (In re Farmer)*, 209 B.R. 1022, 1025 (Bankr. M.D. Ga. 1997) ("The option to make a cash award is one which will be employed in limited circumstances, and only where the voiding of the lien is inadequate or unavailable as a remedy.") The Trustee has not alleged any special circumstances that would render the avoidance of the liens an incomplete satisfaction of the Order and Judgment. Thus, there is no reason for the Court to exercise its discretion under § 550 in this proceeding.

Because Defendant's liens were avoided and returned to the estate by operation of §§ 549 and 551 in the First AP there is nothing for US Bank to turn over to the Trustee, Therefore, any further recovery would be, as US Bank argues, double and impermissible. Section 550(d) provides that "[t]he trustee is entitled to only a single satisfaction under subsection (a) of this section." "Section 550(d) limits the trustee to a 'single satisfaction': no more and *no less*."

9

*Dzikowski v. Northern Trust Bank of Fla., N.A. (In re Prudential of Fla. Leasing, Inc.)*, 478 F.3d 1291, 1301 (11th Cir. 2007) (emphasis added). By virtue of the system contained in the Code for recovery of property interests under §§ 550 and 551 Trustee already has in his possession the property to be turned over such that his claim under § 542 must fail as it would amount to a double recovery.

### 2. Res judicata applies and the requested amendment would be futile.

Res judicata, or claim preclusion, bars a plaintiff from bringing before the court claims that were or could have been resolved in an earlier proceeding. *Ragsdale v. Rubbermaid,* 193 F.3d 1235, 1238 (11th Cir. 1999). Within the Eleventh Circuit, claim preclusion applies as between two cases if: (1) a final judgment is entered on the merits in the first case; (2) the judgment is rendered by a court of competent jurisdiction; (3) the parties in both cases are identical (or privies of those parties); and (4) the claim or cause of action is the same in both cases. *Griswold v. County of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010). A cause of action is the same if it involves "the same nucleus of operative facts, or is based on the same factual predicate, as a former action." *Ragsdale*, 193 F.3d at 1239. Where claim preclusion applies, it bars all claims that were or could have been raised in the prior litigation. *Griswold*, 598 F.3d at 1293.

Trustee does not dispute that he could have brought the § 542 claim in the First AP. Instead, he contends that his failure to do so is not res judicata because of an equitable exception recognized in *LB Steel, LLC.* 572 B.R. 690, 703–05 (Bankr. N.D. Ill. 2017). Plaintiff relies on *LB Steel* to argue that there is a widely accepted statutory scheme exception to res judicata that provides, in pertinent part, that the general rule against claim splitting does not apply where "it is the sense of the [statutory] scheme that the plaintiff should be permitted to split [its] claim."

10

Restatement (Second) of Judgments § 26(1)(d): Exceptions to the General Rule Concerning Splitting (Am. Law Inst. 1982)[2]. *Id.*

In the first *In re LB Steel* case, the debtor filed a two count complaint seeking a declaratory judgment that funds held in the registry of the state court were property of the bankruptcy estate and for turnover from the clerk of court under § 543. *LB Steel, LLC v. Walsh Constr. Co.*, 547 B.R. 790 (Bankr. N.D. Ill. 2016). In that proceeding, the bankruptcy court determined that the funds were not property of the estate and dismissed the complaint with prejudice. Thereafter, debtor brought an action to avoid a setoff (contained in the state court judgment considered by the bankruptcy court) under §§ 553(b), 547(b) or 548(a) and turnover under § 543. In that, the second *LB Steel* case, defendant asserted that res judicata barred the debtor from bringing the avoidance claims because they could have and should have been raised in the earlier proceeding. The district court found that the actions shared all the same operative facts and the only difference was the legal theories advanced.

In determining that the second proceeding was not barred by res judicata, the district court considered the underlying policy of equality of distribution contained in the Code and the life cycle of a typical chapter 11 case in determining that it was neither uncommon nor inappropriate for a debtor to seek a declaratory judgment as to whether certain property was property of the estate and then to seek turnover (or setoff, or avoidance) as to that property at a later time. This was in part to avoid the unfairness of allowing defendant to retain what was setoff just prior to the filing and "the idea that no one creditor should benefit by mistake. . . ." *Id.* at 704.

---

[2] Though this specific subsection of the Restatement (Second) of Judgments has not been cited within the Eleventh Circuit, the Restatement, including other subsections within Section 26, has been cited as persuasive authority by the Eleventh Circuit Court of Appeals. *See Eastman Kodak Co. v. Atlanta Retail, Inc. (In re Atlanta Retail, Inc.)*, 456 F.3d 1277, 1287 (11th Cir. 2006) (citing Restatement (Second) of Judgments § 26(1)(c)); *Ragsdale*, 193 F.3d at 1239 n.8 (citing Restatement (Second) of Judgments § 24); *Aquatherm Indus. v. Florida Power & Light Co.*, 84 F.3d 1388, 1392 (11th Cir. 1996) (quoting *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 382 (citing Restatement (Second) of Judgments § 26(1)(c))).

11

The Court concluded that the purposes of res judicata would not be served by barring the debtor's claims and it would be inequitable to apply res judicata. The court did not decide the matter, however, because it abstained pending the appeal of the state court judgment.

Even if this Court recognized the *LB Steel* "statutory scheme" exception—which the discussion below explains is highly disfavored—it would not apply to the case at bar. First, the cases are distinct because this is a chapter 7 case and the life cycle of the case relied upon by the *LB Steel* case does not apply. Second, the procedural posture of the cases, which was considered important by the LB Steel court is very different – Trustee did not file a declaratory judgment action initially to determine whether the liens were property of the estate. Rather, he filed an avoidance action and recovered the liens for the benefit of the estate under §§ 549 and 551. Finally, and importantly, the *LB Steel* cases are not binding authority and the equitable considerations deemed important by those courts run counter to the Eleventh Circuit's approach to res judicata.

The Eleventh Circuit has addressed res judicata in several cases and is disinclined to create or recognize exceptions to the doctrine. *See Griswold*, 598 F. 3d 1289 (declining to fashion a "manifest injustice" exception to res judicata), *Baptiste v. Comm'r*, 29 F. 3d 1533 (11th Cir. 1994), *Olmstead v. Amoco Oil Co.*, 29 F. 3d 1533 (11th Cir. 1994) (rejecting "interests of justice" exception), and *Ragsdale,* 193 F.3d 1235 (warning against strategic claim splitting). Likewise, the Supreme Court has expressed a reluctance to expand res judicata as Plaintiff would like. *Heiser v. Woodruff,* 327 U.S. 726 (1946) ("[W]e are aware of no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata, which is founded upon the generally recognized public policy that there must be some end to litigation . . . .") and *Fed. Dep't Stores v. Moitie,* 452 U.S. 394 (1981) (rejecting the Ninth Circuit's attempt to fashion a public policy exception to res judicata).

In conclusion, exceptions to res judicata are few and far between and this Court is not inclined to fashion one now. Even if the Court were so inclined, here, Trustee has been fully compensated in the First AP such that the statutory scheme exemption, if there is one, is inapplicable. Neither turnover nor any other order requiring US Bank to pay Trustee can now be brought because Trustee's claim has already been fully satisfied. As a result, any amendment to the Complaint would be futile and this Court may not permit such an amendment. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) (court does not have to grant leave to amend when doing so would be futile).

Therefore, for the reasons stated herein, it is now hereby,

ORDERED that the Motion to Dismiss is GRANTED as to US Bank and Count I of the Complaint is DISMISSED with prejudice.

**END OF ORDER**

**Distribution List**

Michael J. Bargar
Arnall Golden Gregory, LLP
Suite 2100
171 17th Street, N.W.
Atlanta, GA 30363

Neil C. Gordon
Arnall Golden Gregory LLP
171 17th Street, NW
Suite 2100
Atlanta, GA 30363

William D. Matthews
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363

Alex J. Dolhancyk
The Dolhancyk Law Firm, PC
PO Box 2067
Peachtree City, GA 30269-2067

Steven J. Flynn
Locke Lord LLP
Suite 1200
3333 Piedmont Road NE
Atlanta, GA 30305

Stephen Humeniuk
Locke Lord LLP
600 Congress Avenue
Ste 2200
Austin, TX 78701